UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY BICA,<br><br>        Plaintiff/Counter-Defendant,<br><br>v.<br><br>GENWORTH LIFE INSURANCE COMPANY,<br><br>        Defendant/Counter-Claimant. | Case No.: 3:24-cv-01123-L-AHG<br><br>**ORDER GRANTING IN PART JOINT MOTION TO EXTEND DEADLINE TO NOTIFY COURT OF DISCOVERY DISPUTE**<br><br>**[ECF No. 36]** |

    Before the Court is the parties' joint motion to continue the deadline notify the Court of a discovery dispute. ECF Nos. 36. The parties seek an order from the Court extending their deadline to raise a discovery dispute by approximately 30 days. ECF No. 36 at 3.

    Parties seeking to continue deadlines set forth by the Court must demonstrate good cause. Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"). "Good cause" is a non-

rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties represent to the Court that they need more time to meet and confer regarding Plaintiff's responses to Defendant's discovery requests. ECF No. 36. Specifically, the parties have exchanged emails regarding Defendant's disputes and plan to meet and confer on August 29, 2025. *Id.* at 3–4. As such, the parties request a 30-day extension, to September 29, 2025, because Plaintiff expressed a "willing[ness] to resolve multiple disputes to avoid Court intervention" and the parties seek "to avoid raising unnecessary disputes with the Court [and] to promote judicial efficiency[.]" *Id.*

The Court appreciates that the parties are working together to resolve their disputes without judicial intervention. Upon due consideration of the parties' motion and the fact discovery cutoff, the Court **GRANTS IN PART** the parties' motion to extend the discovery dispute deadline. Thus, the parties must bring any discovery dispute regarding Plaintiff's responses to Defendant's first set of Interrogatories and first set of Requests for Production to the Court's attention in the manner described in Paragraph 3 of the Scheduling Order, (*see* ECF No. 32 at 2), no later than **September 24, 2025**. However, the Court expresses concern that Plaintiff has not been responding to Defendant's correspondence and, in doing so, has caused unnecessary delay. *See* ECF No. 36 at 2 (Plaintiff did not respond to Defendant's July 28, 2025, letter or Defendant's August 15, 2025, correspondence. Defendant reached out a third time, on August 25, 2025, with a draft of a joint email to Judge Goddard, to which Plaintiff responded on

August 26, 2025). Thus, if at any point during the extension period Plaintiff does not respond to Defendant within two days, Defendant may contact the Court via email at efile_goddard@casd.uscourts.gov to avoid further delay.

**IT IS SO ORDERED.**

Dated: August 27, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge