UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY BICA,<br><br>                    Plaintiff/Counter-Defendant,<br><br>v.<br><br>GENWORTH LIFE INSURANCE COMPANY,<br><br>                    Defendant/Counter-Claimant. | Case No.:  3:24-cv-01123-L-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL**<br><br>**[ECF No. 56]** |

Before the Court is Defendant/Counter-Claimant Genworth Life Insurance Company's ("Defendant") Motion to Compel.[1] ECF No. 56. Defendant seeks to compel discovery responses from Plaintiff/Counter-Defendant Beverly Bica ("Plaintiff" or "Ms. Bica"), which Plaintiff does not oppose. ECF No. 61. The Court finds the matter suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1). ECF No. 58 at 2.

---

[1] Though the Court generally requires joint motions, (*see* Chmb.R. at 2), the Court excused the parties from this requirement regarding the instant dispute. *See* ECF No. 54.

1

## I.   BACKGROUND

On August 27, 2025, the parties jointly notified the Court that they were in the midst of meeting and conferring, in an effort to resolve discovery disputes regarding Plaintiff's responses to Defendant's First Set of Interrogatories and Requests for Production of Documents. ECF No. 36 at 2–3. The Court, pursuant to the parties' request, extended the deadline for the parties to bring their discovery disputes to the Court's attention to September 24, 2025. ECF No. 37. On September 11, 2025, Defendant notified the Court via email that the parties were working to resolve disputes regarding a protocol for collection of Electronically Stored Information ("ESI") by a neutral vendor, since Plaintiff's counsel was not able to contact their client and "Ms. Bica ha[d] not collected responsive emails and messages or executed consents for productions by third parties such as her email account providers." Email to Chambers (Sept. 11, 2025, at 3:27 PM). The Court deferred ruling on the matter due to Plaintiff's counsel's anticipated motion to withdraw. Email from Chambers (Sept. 11, 2025, at 3:58 PM); *see* ECF No. 40. On September 24, 2025, Defendant notified the Court via email that the disputes regarding Plaintiff's interrogatory responses, request for production responses, ESI Protocol, independent medical examination scheduling, as well as others, remained unresolved. Email to Chambers (Sept. 24, 2025, at 10:13 AM). In response, the Court issued an order extending the deadline for the parties to bring any discovery disputes to the Court's attention. ECF No. 42 at 2 (extending deadline to "within seven [] days of the ruling on Plaintiff's counsel's motion to withdraw").

On November 24, 2025, after the motion to withdraw was denied, Defendant notified the Court that discovery disputes remained as to: (1) "Ms. Bica refusing to appear for a Rule 35 Independent Physical and Mental Examination;" (2) "Ms. Bica's counsel not confirming the ESI collection protocol to be performed by a neutral vendor;" (3) "Ms. Bica failing to appear for her noticed deposition;" and (4) "Ms. Bica not providing various supplemental discovery responses and verifications as agreed by her counsel during meet and confers." Email to Chambers (Nov. 24, 2025, at 5:00 PM). Pursuant to the Court's

2

3:24-cv-01123-L-AHG

direction and in compliance with the Court's Chambers Rules, (*see* Chmb.R. at 2), the parties resubmitted a joint email on December 2, 2026, providing each side's positions regarding the four categories of disputes previously submitted. Email to Chambers (Dec. 2, 2025, at 8:54 AM). The Court held a discovery conference in the matter on December 3, 2025. ECF No. 54. The Court found it appropriate for the disputes to be briefed, and permitted Defendant to file a motion to compel. *Id*.

Defendant filed the instant motion to compel on December 10, 2025. ECF No. 56. Defendant seeks an order from the Court requiring Plaintiff to (1) serve supplemental responses and make additional production in response to Defendant's First Set of Interrogatories Nos. 1, 4–6, 8–9, and 11–13, and Requests for Production Nos. 7–18, 20–21, 24–29, 32, 36–37, and 44–55, consistent with the parties' meet-and-confer agreements to supplement; (2) verify her responses to Defendant's Second Set of Interrogatories; (3) serve responses to Defendant's Third Set of Requests for Production, having waived any objections thereto; and (4) comply with the accompanying ESI Collection Protocol, all within 14 days of that order. ECF No. 56 at 2; ECF No. 57 at 2 (correcting RFP numbers). Plaintiff filed a notice of non-opposition to the instant motion on December 22, 2025. ECF No. 61. This order follows.

## II.   DISCUSSION

Here, Plaintiff confirmed that she "does not oppose Defendant['s] [] Motion to Compel[.]" ECF No. 61. On this ground alone, the Court may grant the motion. *See Moreno v. Unique Plumbing LLC*, No. 24-cv-916-DBP, 2025 U.S. Dist. LEXIS 221943, at \*1 (D. Utah Nov. 10, 2025) (summarily granting defendant's motion to compel compliance with subpoena when plaintiff filed a notice of non-opposition); *Hendrickson v. USAA Savings Bank*, No. 19-cv-2140-GMN-NJK,  2020 WL 1815826, at \*2 (D. Nev. Apr. 8, 2020) (summarily granting defendant's motion to compel arbitration when plaintiff filed a notice of non-opposition); *see cf. Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (affirming dismissal for failing to oppose a motion to dismiss, based on a local rule providing that

3:24-cv-01123-L-AHG

"[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion").

For completeness, however, the Court will briefly address each of Defendant's requests.

### A. Request for Supplemental Responses and Additional Production to First Set of Interrogatories and Requests for Production

Parties have a duty to supplement their discovery responses in a timely manner when the response is incomplete or incorrect, or if additional information subsequently comes to light. FED. R. CIV. P. 26(e)(1)(A). The Court has reviewed the discovery requests at issue and finds that all such requests seek relevant information. FED. R. CIV. P. 26(b)(1); *see* ECF No. 56-1 at 5–30. The Court has also reviewed Defendant's declaration and the parties' meet and confer agreement, and finds there to be evidence of a promise to supplement by Plaintiff. ECF No. 56-1 at 2–4, 112–13. As such, Plaintiff must provide supplemental responses.

### B. Request for Verified Responses to Second Set of Interrogatories

Here, Plaintiff's responses are signed by counsel with a note of "verification to follow." ECF No. 56-1 at 143–44 (emphasis omitted). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3). As such, the person who answers interrogatories must verify the responses by signing them. FED. R. CIV. P. 33(b)(5). Thus, Plaintiff must verify her interrogatory responses.

### C. Request for Responses to Third Set of Requests for Production

Courts have broad discretion to determine relevance for discovery purposes. *Doherty v. Comenity Capital Bank*, No. 16-cv-1321-H-BGS, 2017 WL 1885677, at *2 (S.D. Cal. May 9, 2017) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). The Court has reviewed the discovery requests at issue and finds that all such requests seek relevant information. FED. R. CIV. P. 26(b)(1); *see* ECF No. 56-1 at 146–52. Thus, these requests

are within the scope of discovery authorized by Rule 26(b), and Plaintiff must respond to them.

Pursuant to Federal Rule of Civil Procedure 33, any ground to object to an interrogatory that is not stated in a timely objection is waived unless the Court excuses the failure. FED. R. CIV. P. 33(b)(4). Although Rule 34 does not include the same language regarding waiver of objections as to responses to Requests for Production, courts have treated waiver under Rule 34 the same as waiver under Rule 33. *Greenmount LLC v. Cleanline Mgmt. LLC*, No. 23-cv-10376-MRA-RAOx, 2025 WL 1012298, at \*2 n.2 (C.D. Cal. Mar. 27, 2025); *Barlow v. Herman*, No. 2:13-cv-33-JAD, 2014 WL 60213, at \*3 (D. Nev. Jan. 6, 2014) (collecting cases); *see Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection"). Plaintiff's responses were due on October 13, 2025. ECF No. 56-1 at 4. Having received no responses or objections to date, the Court deems any objections to Defendant's Third Set of Requests for Production to be waived.

### D.     Request for Compliance with ESI Collection Protocol

The Court has also reviewed Defendant's declaration and the parties' joint email submission regarding the ESI collection protocol. Although Plaintiff's counsel agreed "in principle that Plaintiff's ESI is relevant and discoverable," they also explained that "[w]ithout Plaintiff's cooperation, counsel cannot move forward with any protocol." Email to Chambers (Dec. 2, 2025, at 10:16 AM). The proposed protocol would allow a neutral vendor to perform a search and collection of Plaintiff's electronic devices and accounts, which could be a considerable invasion of Plaintiff's privacy. The Court finds that there is no need to bind Plaintiff to this specific protocol in light of this order, which requires Plaintiff to produce all responsive information to Defendant's discovery requests within two weeks. How Plaintiff accomplishes that production is within her purview. *See The Sedona Principles, Third Edition*, 19 SEDONA CONF. J. 1, Principle 6, 118 (2018) ("Responding parties are best situated to evaluate the procedures, methodologies, and

technologies appropriate for preserving and producing their own electronically stored information.").

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART and DENIES IN PART** Defendant's Motion to Compel (ECF No. 56) and **ORDERS** as follows:

1. No later than **March 13, 2026**, Plaintiff must serve complete, verified supplemental responses and make a further production in response to Defendant's First Set of Interrogatories (Nos. 1, 4–6, 8–9, and 11–13) and Requests for Production (Nos. 7–18, 20–21, 24–29, 32, 36–37, and 45–55), consistent with Plaintiff's counsel's agreement during the parties' meet and confer efforts.

2. No later than **March 13, 2026**, Plaintiff must verify her responses to Defendant's Second Set of Interrogatories.

3. No later than **March 13, 2026**, Plaintiff must serve complete responses and make a full production in response to Defendant's Third Set of Requests for Production, to which any objections are deemed waived.

**IT IS SO ORDERED**.

Dated:  February 27, 2026

_____
Honorable Allison H. Goddard
United States Magistrate Judge

3:24-cv-01123-L-AHG