UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY BICA,<br><br>      Plaintiff,<br><br>  vs.<br><br>GENWORTH LIFE INSURANCE COMPANY,<br><br>      Defendant;<br><br>————————————————<br><br>AND RELATED COUNTERCLAIM. | Case No. 3:24-CV-1123-L-AHG<br><br>**ORDER MODIFYING REPORT AND RECOMMENDATION AND SEALING ECF NO. 90**<br><br>**[ECF No. 63, 80]** |

Pending before the Court is Plaintiff's objection to Report and Recommendation for Order Granting in Part and Denying in Part Defendant's Motion for Terminating Sanctions ("Report and Recommendation"). Defendant filed a response and Plaintiff filed a reply. The Court decides the matter on the papers submitted without oral argument. *See* Civ. L. R. 7.1(d)(1). For the reasons which follow, the Report and Recommendation is modified.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Magistrate Judge recommends granting in part Defendant's motion for terminating sanctions. Specifically, the

Magistrate Judge recommends dismissing Plaintiff's complaint with prejudice and striking her answer to Defendant's counterclaim as a sanction for failure over approximately nine months to participate in discovery.  Plaintiff objects to this recommendation.

> A district judge
>
> shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. Proc. 72(b)(3).  In the absence of objections, section 636(b)(1) does not require review by the district court under a lesser standard.  *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).[1]  The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emph. in orig.).

Plaintiff filed this action alleging breach of her long-term care insurance policy.  She claims that Defendant wrongfully terminated the policy while she was hospitalized for serious injuries and unable to respond to Defendant's request for information.  According to the complaint, Plaintiff suffers from severe cognitive impairments.  Defendant filed a counterclaim alleging that the policy is void due to fraud.  Plaintiff seeks policy reinstatement and damages for failure to provide benefits, while Defendant seeks termination of the policy and restitution of benefits it had already paid.

/ / / / /

---

[1] Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted from citations.

It is undisputed that the issue of whether and/or to what extent Plaintiff is cognitively impaired is at the heart of Plaintiff's case and Defendant's counterclaim.  To address this issue, Defendant noticed Plaintiff's deposition and independent medical examination ("IME").  After Plaintiff failed to appear initially and after rescheduling for her deposition and IME, Defendant filed the pending motion for terminating sanctions.

The Magistrate Judge recommends granting Defendant's motion is part.  Her Report and Recommendation is thorough and well reasoned.  Plaintiff does not contend that the Magistrate Judge made any error of law or that she misapplied the law to the facts as presented to her in briefing and at the hearing.  However, based on evidence which was *not* provided to the Magistrate Judge with Plaintiff's opposition to Defendant's motion, Plaintiff contends that her failure to meet discovery obligations was not willful and deliberate, thus precluding terminating sanctions.  *See Connecticut General Life Insurance Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

In making this argument, Plaintiff relies on the neuropsychological evaluation prepared by Eileen Kang, Ph.D., on September 13, 2024.  (ECF No. 87-1, Ex. A ("Medical Report.")  After testing and examination, Dr. Kang diagnosed Plaintiff with a "Major Neurocognitive Disorder due to Traumatic Brain Injury," and noted "[s]ignificant memory and executive functioning impairments."  (*Id.* at 5-6.)  Dr. Kang opined that the examination results were "consistent with dementia" and that Plaintiff "requires ongoing assistance to manage her daily tasks as well as financial affairs."  (*Id.* at 6.)

Plaintiff also provided a declaration.  (ECF Nos. 85 and 87-2 (corrections), "Decl.").)  She explains that she did not receive some of the correspondence and documents her counsel sent her by U.S. mail due to delivery problems over a three-month period.  (Decl. ¶¶ 6, 27.)  In addition, her mobile phone and email account were out of service for an extended time, and she missed calls and email

communications from her counsel. (*Id.* ¶¶ 28-30.) These issues were resolved after she had obtained help from an elder-help volunteer. (*Id.* ¶¶ 27, 29.) She also explained that she was overwhelmed by the amount of legal paperwork she received from her counsel and was unable to process it until she received help from a friend. (*Id.* ¶¶ 6, 8, 11, 12, 18, 23.) Plaintiff asserts that, with the help she can presently access and accommodations for her limited ability, she is available for deposition and IME and can comply with the outstanding discovery order. (*Id.* ¶¶ 15-17, 23.)

In its response to Plaintiff's objection, Defendant disputes Plaintiff's credibility based on the evidence discussed in the Report and Recommendation as well as additional evidence submitted with its response. (ECF Nos. 89 and 89-1.)

The issue of whether Plaintiff's noncompliance with discovery was willful and deliberate and the merits issues raised in the pleadings all arise from the factual dispute about Plaintiff's cognitive impairment. Plaintiff has submitted sufficient evidence which was not made available to the Magistrate Judge before issuing the Report and Recommendation,[2] to cast doubt on the factual finding that her failure to comply was willful and deliberate.

Accordingly, in the interests of justice, the Report and Recommendation is held in abeyance. No later than August 4, 2026, Plaintiff shall complete her IME. In setting the August 4, 2026, deadline, the Court has taken into account Plaintiff's need for accommodations. (*See* Decl. ¶¶ 15-16.)

Plaintiff's counsel have known of Plaintiff's cognitive limitations since undertaking the representation. (*See* Medical Report dated 9/13/2024.) Based on Plaintiff's limitations, it is not surprising that representing her has been difficult.

---

[2] Although Plaintiff's counsel acknowledge that not filing the Medical Report with her opposition to Defendant's motion for sanctions was a "failing," their explanation that it was due to "the breakdown in attorney-client communication" is wholly inadequate to justify it. (*See* ECF No. 90, "Reply" at 5.)

Nevertheless, counsel have a duty to communicate with their client, including "explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." State Bar of California Rules of Professional Conduct, Rule 1.4. As demonstrated by the nearly nine-month delay in discovery proceedings, it is not sufficient to send legal paperwork to Plaintiff and expect that she will take it from there. Plaintiff's counsel acknowledge that "the breakdown in communication was itself a product of Ms. Bica's cognitive condition[.]" (ECF No. 90, "Reply" at 4.) They must make arrangements for a reliable means of communication with Plaintiff to prevent further breakdowns and delays. They must also make an effort to explain matters to Plaintiff as necessary.

Finally, the Court notes that in her reply brief, Plaintiff included a lengthy quote from her ENE statement. (Reply at 2.) As ENE statements are confidential (*see* ECF No. 17, Notice and Order Setting Early Neutral Evaluation Conference and Case Management Conference via Videoconference ¶ 3), the paragraph shall be sealed, and Plaintiff shall file a redacted Reply.

For the foregoing reasons, it is ORDERED as follows:

1.      The Report and Recommendation is modified insofar as it shall be held in abeyance until August 7, 2026.

2.      No later than **August 4, 2026**, Plaintiff shall complete her independent medical examination. The parties shall cooperate to comply with the August 4, 2026, deadline including the accommodations Plaintiff requested in her Declaration.

3.      No later than **August 6, 2026**, the parties shall file a joint status report regarding compliance with Paragraph 2 above.

4.      Plaintiff's counsel shall make all necessary arrangements for a reliable means of communication with Plaintiff to prevent further delays in proceedings.

5.      The clerk shall seal the document filed at ECF No. 90.

/ / / / /

- 5 -

6.      No later than **June 26, 2026**, Plaintiff shall file a redacted version of ECF No. 90, redacting lines 11 through 24 on page 2.

**IT IS SO ORDERED.**

Dated:  June 22, 2026

_____
Hon. M. James Lorenz
United States District Judge